VERMONT SUPERIOR COURT

Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 24-3-20 Vtec



| Washburn CU Denial |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Amend Statement of Questions (Motion #1)

Filer:          Alexander J. LaRosa; Attorney for Applicant/Appellant Paul J. Washburn

Filed Date:     October 26, 2020

Memorandum in Opposition filed on November 16, 2020 by Colin K. McNeil, Attorney for the City of South Burlington.

Memorandum in Opposition filed on November 16, 2020 by Jeffrey M. Messina, Attorney for Interested Persons Gary Cuchural, Susan Jones, and GF Cuchural Family Investments, LLC.

Reply in Support of Motion to Amend Statement of Questions, filed on December 2, 2020 by Alexander J. LaRosa; Attorney for Applicant/Appellant Paul J. Washburn.

**The motion is DENIED. The pending application is remanded to the So. Burlington DRB.**

By the pending application, Applicant/Appellant Paul J. Washburn ("Applicant") seeks an after-the-fact approval for the construction of a detached accessory dwelling to his property at 30 Myers Court ("the Property"). The pending application seeks to amend the original permit approval for the accessory dwelling in order to reduce the rear setback to 5 feet and increase the height to fifteen feet. When the City of South Burlington Development Review Board ("DRB") denied that permit amendment application, Applicant filed a timely appeal with this Court.

Now pending before the Court is Applicant's motion to amend his Statement of Questions. Applicant has advised that the Vermont Legislature this past Legislative session passed Act 179 (S. 237), which is titled as "An Act relating to Promoting Affordable Housing"; that Act became law upon the Governor's signing on October 12, 2020. *See* 24 V.S.A. § 4412(1)(E) (discussing accessory dwelling units).

Act 179, once signed by the Governor, amended 12 V.S.A. § 4412 to provide certain protections for accessory dwellings on a lot which has a pre-existing single-family dwelling occupied by its owner. See 24 V.S.A. § 4412(1)(E). Applicant asserts that the height restrictions cited in the DRB denial of his permit amendment application would not be allowed under the newly enacted statute. Thus, Applicant asks this Court to allow him to amend his Statement of Questions to present

the legal issue of whether the newly amended provisions of 12 V.S.A. § 4412 would favor approval of his amendment application.

Both the City and the neighboring Interested Persons, Gary Cuchural, Susan Jones, and GF Cuchural Family Investments, LLC ("Neighbors") object to Applicants motion; they assert that because the revisions to § 4412 were not applicable when the DRB considered the pending application, it would be improper for this Court to consider the revisions in the first instance, when the DRB has yet to have an opportunity to consider or rule upon the applicability of the revised § 4412.

We agree with Neighbors and the City. Our Court is one of limited jurisdiction. 4 V.S.A. § 1001(b). When considering a *de novo* appeal from an appropriate municipal panel, we are directed to "apply the substantive [legal] standards that were applicable before the tribunal appealed from,. . . [and] hold a de novo hearing on those issues which have been appealed . . .." 10 V.S.A § 8504(h); In re Godnick Family Trust Permit & Variance Application, No. 52-4-09 Vtec, slip op. at (Vt. Envtl. Ct. Jan. 6, 2010) (Durkin, J.) (*quoting* State v. Madison, 163 Vt. 360, 370 (1985)). It is indisputable that the recently revised § 4412 was not part of the "substantive standards" that were applicable when the DRB considered the pending application, since those statutory revisions had not yet become law.

Applicant argues that we should exercise our discretion and allow him to revise his Statement of Questions, since we have previously noted that "motions to amend a Statement of Questions should 'be liberally granted, . . . when they do not prejudice the other parties.'" Re: Verizon Barton Act 250 Permit, No. 6-1-09 Vtec, slip. op. at 11 (Vt. Envtl. Ct. Feb 2, 2010) (Durkin, J.) (*quoting* In re Fairfax, No. 45-3-03 Vtec, slip op. at 5 (Vt. Envtl. Ct. June 13, 2005) (Wright, J.)). But we conclude that it is not appropriate to exercise the discretion that Applicant requests when doing so would cause us to step outside the bounds of our limited jurisdiction.

Applicant suggests an alternate course to the remedy he requests by suggesting that "the simple solution is to remand the matter back to the South Burlington DRB" so that Applicant may present his legal analysis there in the first instance of why the revised § 4412 should apply to his pending application. *See* Applicant's Reply Memorandum in Support of the Motion to Amend at 4, filed December 2, 2020. We agree with Applicant that Neighbors appear to endorse this suggestion of a further remand. Id.

For all these reasons, we **DENY** Applicant's motion to amend his Statement of Questions. However, we hereby **REMAND** the pending application to the DRB so that it may receive and rule upon, in the first instance, Applicant's suggestion that the revised § 4412 should govern his pending application.

**So Ordered.**

Electronically signed on December 4, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

*Re: Washburn Cond. Use Denial, No. 24-3-20 Vtec (EO on Motion to Amend SoQ) (12-04-2020)*